IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANHATTAN CONSTRUCTION
COMPANY

                 **Plaintiff,**

v.                                             1:06-cv-1512-WSD

MCARTHUR ELECTRIC, INC.
and GREAT AMERICAN
INSURANCE COMPANY,

                 **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant McArthur Electric, Inc.'s ("McArthur") Motion for Leave to Amend Counterclaim [56].

## I. BACKGROUND

This case involves a construction dispute concerning West Cobb #1 High School, now known as Hillgrove High School. In April 2004, the Cobb County School District hired Plaintiff Manhattan Construction Company ("Plaintiff" or "Manhattan") as the general contractor to build the new school. In May 2004, Plaintiff entered into a subcontract with Defendant McArthur Electric, Inc. ("McArthur") to perform electrical work on the project. During construction,

disputes arose between Manhattan and McArthur over the schedule for completion of McArthur's work.

On June 23, 2006, Plaintiff filed this action for breach of contract. On August 2, 2006, McArthur filed its Answer and also asserted a Counterclaim containing fourteen separate claims against Manhattan. On January 30, 2007, this Court dismissed several of McArthur's counterclaims, including McArthur's claims for fraud and punitive damages. On March 7, 2007, the Court approved the Joint Preliminary Report and Discovery Plan filed by the Parties. Fact discovery was extended by joint agreement of the parties until June 1, 2007.

On April 20, 2007, McArthur filed a Motion for Leave to Amend its Counterclaim and requested permission to dismiss without prejudice four of its counterclaims. In its Motion to Amend, McArthur seeks to add new claims for fraud and punitive damages. McArthur claims it is not attempting to re-state its former fraud count which was dismissed by the Court. Instead, the new fraud count is purportedly based on "Manhattan's having concealed from McArthur, at the time McArthur bid on and entered into a contract with Manhattan, Manhattan's true intentions concerning the schedule for work completion on the relevant project." (Mot. to Amend [56], at 6-7.) On June 8, 2007, the Court conducted a

telephone conference in which it granted McArthur's motion to voluntarily dismiss the counterclaims and deferred decision on the Motion to Amend.  The Court now considers McArthur's Motion.

## II.  DISCUSSION

McArthur argues that it should be permitted to amend its Complaint because there has been no order explicitly establishing a deadline for filing amendments to pleadings, and its amendments are proposed in good faith and without dilatory motive.  It argues that the facts on which it bases its new claim for fraud and punitive damages are already well-known to Manhattan, thus discovery will not be delayed, and Manhattan will not be prejudiced by the amendment.

Manhattan argues that McArthur's new counterclaims should not be permitted because they are untimely and were filed with little more than one month remaining in the fact discovery period.  Manhattan also argues that the amendment should not be permitted because McArthur offers no explanation for its delay, and Manhattan would be prejudiced because it would be required to conduct additional fact discovery to investigate the basis of the new fraud claim.

The Court agrees that McArthur should not be permitted to amend its counterclaim at this late stage in the litigation.  Local Rule 7.1(A)(2) requires:

> Specific filing times for some motions are set forth below.  All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later.

According to Local Rule 26.2, discovery commences 30 days "after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier."  L.R. 26.2A, N.D. Ga.  The first Answer in this case was filed on July 26, 2006, thus discovery began on August 21, 2006.  In accordance with the Local Rules, the parties began serving their written discovery on August 25, 2006.  Thus, any motion to amend the pleadings had to be filed on or before September 20, 2006.  McArthur filed its motion to amend on April 20, 2007–almost seven months after the deadline for filing motions, two months after the Joint Preliminary Report was entered, and only one month before fact discovery ended.

Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or

> by written consent of the adverse party; and leave shall
> be freely given when justice so requires.

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotations omitted). McArthur offers no explanation as to why it did not discover and plead this new fraud claim before now. In fact, McArthur freely admits that the factual basis for the new claims has been present throughout the litigation. As the Eleventh Circuit has held, "such unexplained tardiness constitutes undue delay." Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1218 (11th Cir. 2004); see also Maynard, 342 F.3d at 1287 (stating that denial of motion to amend was proper where "there seems to be no good reason why [the plaintiff] could not have made the motion earlier").

Amending McArthur's counterclaim at this late stage in an already extended discovery period would likely result in additional attempts at discovery, delayed disposition of the case, and potential prejudice to Manhattan. "This is especially true where, as here, the amendments are not based on some unanticipated

development of facts during discovery or the recognition of a new legal theory disclosed in developing case law, but on facts developed well before discovery closed." Kingsley v. State Farm Mut. Auto. Ins. Co., 353 F. Supp. 2d 1242, 1246 (N.D. Ga. 2005).  Thus, McArthur's Motion to Amend should be denied.

## III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that McArthur's Motion for Leave to Amend Couterclaim [56] is **DENIED**.

**SO ORDERED** this 14th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE